IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 98-30328

————————————————

THEODORE LANGE,

Plaintiff-Appellee,

versus

THE ORLEANS LEVEE DISTRICT; ET AL,

Defendants,

THE ORLEANS LEVEE DISTRICT; JIM HUEY, individually, and in his
capacity as President of the Board of Commissioners of the Orleans Levee District;
GARY BENOIT, individually and in his capacity as Acting General Counsel of
The Orleans Levee District,

Defendants-Appellants.

————————————————

ULYSSES WILLIAMS,

Plaintiff-Appellee,

versus

THE ORLEANS LEVEE DISTRICT, and its Board of Commissioners; ET AL,

Defendants,

THE ORLEANS LEVEE DISTRICT, and its Board of Commissioners; JIM
HUEY, individually, and in his capacity as president of the Board of
Commissioners of the Orleans Levee District; PATRICIA HARRIS, individually
and in her capacity as a member of the Board of commissioners; GARY BENOIT,
individually, and in his capacity as Acting General Counsel for the Orleans Levee
District,

Defendants-Appellants.

————————————————

Appeals from the United States District Court for
the Eastern District of Louisiana
(97-CV-987-N)

————————————————

March 18, 1999

Before KING, Chief Judge, REAVLEY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Theodore Lange and Ulsysses Williams brought separate employment related suits against the Orleans Levee District ("OLD") defendants[1] in state court alleging civil rights violations, defamation, intentional infliction of emotional distress, false imprisonment, racial discrimination, and violation of Louisiana's "Whistle Blower Act." OLD removed the cases to the federal district court asserting federal question jurisdiction under 28 U.S.C. § 1441. On February 27, 1998, the district court granted plaintiffs' motion to remand the entire action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), concluding that the defendants' Eleventh Amendment immunity precluded federal court jurisdiction. The defendants then filed a motion to reconsider or alternatively to amend the remand order. Meanwhile, the plaintiffs had subsequently instituted a second set of essentially identical suits against the defendants in state court. The defendants timely removed the second set of cases to federal court. Plaintiffs again moved to remand the second set of cases for lack of subject matter jurisdiction. In its May 7, 1998 order, the district court, relying on the analysis of its prior order, denied OLD's motion to reconsider the first order of remand, granted plaintiffs' motion to remand the second set of cases, and awarded to the plaintiffs the costs and attorneys' fees incurred due to OLD's removal of the second set of cases as authorized by 28 U.S.C. § 1447(c).

OLD seeks review of (1) the February order remanding the first set of cases, (2) the denial of its motion to reconsider and/or amend that order, (3) the May order remanding the second set of cases, and (4) the award of costs and attorneys' fees in connection with removal of the second set of cases. With respect to the remand orders, OLD specifically challenges the district court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The defendants in this appeal include each of the defendants listed in the caption.

determination that the Eleventh Amendment precluded federal court jurisdiction over the plaintiffs' state and federal claims. For the reasons stated below, we hold that 28 U.S.C. § 1447(d) prohibits our review of the remand orders and the denial of OLD's motion for reconsideration. Additionally, we affirm the district court's award of costs and attorneys' fees under § 1447(c).

The district court remanded both sets of cases pursuant to § 1447(c) for lack of subject matter jurisdiction.[2] Section 1447(d) expressly bars review of an order of remand unless the case was originally removed pursuant to § 1443.[3] This provision not only forecloses appellate review of the remand order, but also bars reconsideration of the matter by the district court. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). The exception allowing review of certain civil rights cases pursuant to § 1443 is narrow. By its terms, this provision authorizes removal only if (1) the *defendant* is "denied or cannot enforce" his "equal civil rights" in the state court, or (2) the suit or prosecution of the defendant arises from *his* conduct in upholding civil rights laws.[4] *See* § 1443. Additionally, the statute applies only to rights that are

---

[2] Section 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[3] Section 1447(d) provides in relevant part:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

[4] Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>     (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>     (2) For any act under color of authority derived from any law

3

stated in terms of racial equality and not to generally applicable constitutional rights. *See Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790, 16 L. Ed. 2d 925 (1966). Here, not only did OLD fail to assert § 1443 as the grounds for removal, it has made absolutely no showing that the cases qualified for removal under § 1443. The fact that the plaintiffs brought racial discrimination claims against OLD is irrelevant. Section 1443 does not provide a basis for review of this appeal.

We also reject OLD's argument that this court has jurisdiction under the "separable order" doctrine to review the district court's determination that OLD is an "arm of the state" for purposes of Eleventh Amendment immunity from suit in federal court. The separable order doctrine is also a limited exception to § 1447(d)'s jurisdictional bar. This doctrine allows appellate review of separate orders issued by the district court that precede the order of remand and would be conclusive upon the appellant if rendered unreviewable by the subsequent remand order. *See City of Waco, Tex. v. United States Fidelity Guar. Co.*, 293 U.S. 140, 142-44, 55 S. Ct. 6, 7, 79 L. Ed. 244 (1934) (allowing review of dismissal of defendant's cross-action against third party that preceded order of remand); *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 670 (5th Cir. 1994) (allowing review of district court's dismissal of one of plaintiff's federal claims). Contrary to OLD's assertions, however, the separable order doctrine does not authorize review of the district court's underlying Eleventh Amendment immunity determination. First, the Eleventh Amendment immunity ruling was simply not separate and distinct from the order of remand. Rather, this ruling was part and parcel of the district court's determination that it lacked subject matter jurisdiction. Second, OLD's argument is contrary to the numerous decisions holding that § 1447(d) does not permit review of orders of remand based on lack of subject matter jurisdiction, *even if clearly erroneous. See, e.g.*, *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S. Ct. 584, 589, 46 L. Ed. 2d 542 (1976), *overruled on*

_____

providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

*other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026-27 (5th Cir. 1991).  Finally, acceptance of OLD's position would essentially eviscerate § 1447(d)'s express ban of review of remand orders and defeat the statute's purpose to eliminate undue delay and prevent further postponement in reaching the merits of the dispute solely to contest the removal decision.  *See* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3740, at 514-15 & n.5 (1998).

Because neither the § 1443 exception allowing review of certain civil rights cases nor the separable order doctrine applies to the instant appeal, we hold that § 1447(d) prevents us from reviewing (1) the February 7th order remanding the first set of cases, (2) the denial of OLD's motion to reconsider and/or to amend the first remand order, and (3) the May 7th order remanding the second set of cases.

OLD also seeks review of the portion of the May 7th order awarding the plaintiffs the costs and attorneys' fees incurred in connection with OLD's removal of the second set of cases. Notwithstanding § 1447(d)'s jurisdictional bar, we have jurisdiction to review the district court's award of attorneys' fees under § 1447(c).  *See Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990) ("Section 1447(d) does not, however, exclude the district court's assessment of costs [under § 1447(c)] from appellate review."); *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32-33 (5th Cir. 1997) (reviewing award of costs and attorneys' fees in connection with order of remand under § 1447(c)).

Assuming the notice of appeal was adequate, we conclude that the district court did not abuse its discretion in awarding costs and attorneys' fees incurred in connection with OLD's removal of the second set of cases.  Section 1447(c) expressly authorizes the award of such fees. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The trial court has discretion to award such fees even where there is no finding of bad faith or frivolous removal.

5

*See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "[T]he propriety of the defendant's removal [is] central in determining whether to impose fees." *Id.* at 928.

Here, OLD removed the second set of identical cases after the district court had previously ruled in the first remand order that removal was improper. Additionally, as the district court noted, OLD had itself asserted in an unrelated case that it was an agency of the state and thus entitled to Eleventh Amendment immunity. *See Stevens v. Lopez*, No. CIV.A.96-4135, 1998 WL 13602, at *1 (E.D. La. Jan. 14, 1998). Under these circumstances, the district court did not abuse its discretion in awarding such costs. We also note that the Tenth Circuit has upheld an award of attorneys' fees on similar facts. *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 & n.3 (10th Cir. 1997) (upholding award of costs and attorneys' fees for improper removal under § 1447(c) where defendant had been informed by at least two other federal district courts that removal of the type of action at issue was improper). We affirm the district court's award of such costs.

Also before this court is Appellees' motion to (1) dismiss the appeal for lack of jurisdiction, frivolousness, and mootness, (2) assess sanctions against OLD's counsel, and (2) assess damages under Fed. R. App. P. 38. Having reviewed the motion, the parties' briefs, and the relevant authorities, we are of the opinion that the motion should be denied except as discussed above.

For the foregoing reasons, the appeal from the remand orders and the denial of the motion for reconsideration is dismissed for lack of jurisdiction. The district court's award of costs and attorneys' fees is affirmed.

AFFIRMED in part and DISMISSED in part.